**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARGARET PLEW**                                          **PLAINTIFF**

**V.**                                              **CASE NO. 1:09CV128**

**WAL-MART STORES, INC.**                                  **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[29]** of Defendant, Wal-Mart Stores, seeking summary judgment, pursuant to FED. R. CIV. P. 12 and 56.  Plaintiff Margaret Plew has responded in opposition to the motion, and the court having considered the submissions of the parties, finds that the motion should be denied.

Margaret Plew visited the Wal-Mart store in Corinth, Mississippi on March 30, 2008. Plew and her daughter were making their way to the entrance of the store by way of a concrete walkway when Plew stepped through a muddy puddle of water.  Plaintiff's feet became tangled in a plastic packaging strap, which caused her to fall.  Plaintiff either did not notice the strap or was unable to view the strap due to submergence.

Plew examined the packaging strap, and recalls it had a bend or fold rendering it flat, but does not recall whether it was scuffed up.  The strap's whereabouts are unknown.  Plaintiff has no knowledge of how the packaging strap came to be in the puddle.  Nor does she know if a Wal-Mart employee actually knew of its existence.  However, she did state that the strap appeared to have been in the puddle for quite a while.

Plaintiff filed the instant action against Defendant Wal-Mart alleging failure to maintain reasonably safe business premises, and the store has moved for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Under Mississippi law, Plaintiff must establish her claim of negligence through one of three theories: (1) Wal-Mart's own negligence created the dangerous condition which caused the injury; (2) Wal-Mart had actual knowledge of the dangerous condition and failed to warn Plaintiff; or (3) the dangerous condition existed for a sufficient amount of time as to impute constructive knowledge to Wal-Mart so that the store should have known of the condition through its employees. *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995).

Plaintiff has presented no evidence beyond inferences that Wal-Mart's negligence created the dangerous condition. Nor has she shown that the store, through its employees, had actual knowledge of the condition and failed to warn her. However, there is testimony that the danger could have existed for an extended amount of time. Plaintiff stated that the strap appeared to have been there "quite a while," and her daughter stated that the strap was "dirty and appeared

that it had been in the weather and puddle for a significant period of time." Another witness corroborated that the strap was "dirty." Clearly, this is not very strong evidence, as the strap had been in a puddle of muddy water. However, it is also apparent through testimony that the indentation in the sidewalk containing the muddy water was not created in an instant. Wal-Mart could be deemed to have constructive notice of the dangerous condition if the testimony regarding the strap and the indentation is believed. Thus, Plaintiff has presented a theory on which a reasonable juror could find in her favor and an issue of material fact exists.

Defendant's motion **[29]** is **DENIED.**

This the 17th day of September, 2010.


**/s/ MICHAEL P. MILLS**    
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**